AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 2 3 2019
AT_____ O'CLOCK
John M. Domurad, Clerk - Plattsburgh

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.   8:19-MJ-461 (DJS) |
| | ) | |
| Kevin Gauthier | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 07/19/2019 in the county of Franklin in the Northern District of New York, the defendant violated 8 U. S. C. § 1325(a)(2), an offense described as follows:

The defendant, being an alien, did avoid and elude examination and inspection by immigration officials of the United States, as he entered the United States from Canada.

This criminal complaint is based on these facts:

On Monday, July 22, 2019, U.S. Customs and Border Protection Officers were conducting an outbound inspection at the Massena, NY Port of Entry. Kevin Gauthier and Vehicle Driver presented themselves for inspection.

Customs and Border Protection Officers (CBPO's) questioned Gauthier and Vehicle Driver in regards to their immigration status and travel to the area. CBPO Gerow requested identification from both of the subjects. The driver and front seat passenger identified as GAUTHIER, Kevin stated that they were destined to Canada. The Driver stated that he is a Native American Indian and GAUTHIER stated he was a Canadian born, Canadian Citizen. CBPO Gerow then questioned GAUTHIER as to his travel to the United States. GAUTHIER stated that he was in Plattsburgh, NY for 2 days.

During secondary inspection, GAUTHIER was asked if he had ever been refused entry into the United States to which he stated he had been when he was 21 years old in Montreal Quebec. GAUTHIER was asked how he entered the United States to which he responded that he has a cottage across the river from Snye, Quebec and would cross by boat, and then entered the United States without going through a port of entry. Once in the United States he traveled to New York City to attend a bachelor party with a friend. Gauthier stated he had entered the United States twice by crossing the river since 2012. Record checks revealed multiple outbound flights for GAUTHIER since 2012 with no corresponding inbound travel.

Record checks confirmed that GATHIER was criminally inadmissible to the United States and did not have any visa or permission to be present in the United States. Criminal history in Canada does deem GAUTHIER criminally inadmissible to the United States. Gauthier was allowed to withdraw his application for admission at Montreal Preclearance on September 27, 2012. Gauthier has no waiver application, nor has he ever applied for a waiver to enter the United States. Homeland Security Databases confirmed that GAUTHIER is a native citizen of Canada.

At this time, GAUTHIER was read his Miranda Rights and requested a lawyer. All questioning stopped at that point in time.

Canadian Citizens who are deemed criminally inadmissible to the United States are required to apply for a waiver if they seek to enter the United States. GAUTHIER does not possess a valid waiver and records show that he has not applied for one. If GAUTHIER had presented himself to a Port of Entry and asked permission to enter the United States, he would have been denied admission as he does not possess a valid United States waiver and his criminal record in Canada makes him inadmissible to the United States.

*Complainant's signature*
CBPO David Murtagh
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 23, 2019

*Judge's signature*

City and state: Albany, New York

Daniel J. Stewart, U.S. Magistrate Judge, N.D.N.Y.
*Printed name and title*